DECISION
In 1989, appellant, Dale N. Davis, was indicted on one count of rape with allegations of both force and that the victim was under thirteen years of age, and two counts of gross sexual imposition. The allegations involved appellant's stepdaughter, who was approximately eight years old at the time of the indictment. Appellant pled guilty to count one, rape, and a nolleprosequi was entered as to the allegation of force attached to the rape charge, as well as the two counts of gross sexual imposition. At the plea proceedings, appellant's counsel indicated that appellant's plea was an Alford plea, to avoid the consequences of a guilty finding after a trial. The trial court accepted appellant's plea and sentenced him to seven to twenty-five years of imprisonment. Appellant later unsuccessfully attempted to withdraw his plea and the guilty plea was also upheld by this court. See State v. Davis (Sept. 28, 1999), Franklin App. No. 99AP-164, unreported (Memorandum Decision).
The trial court held a hearing to determine whether appellant was a sexual predator. At the hearing, the prosecution introduced copies of the indictment, the guilty plea, the sentencing entry, a transcript of the guilty plea proceedings and documents from appellant's master file from the Ohio Department of Rehabilitation Correction, including a post-sentence report. Appellant's counsel objected to the admission of the post-sentence report based upon hearsay. No other evidence was presented by either side. The trial court found appellant to be a sexual predator. Appellant filed a notice of appeal and raises the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN, OVER OBJECTION, IT ADMITTED INTO EVIDENCE AND RELIED UPON UNRELIABLE HEARSAY STATEMENTS IN VIOLATION OF THE APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHTS TO CONFRONT OR CROSS-EXAMINE ADVERSE WITNESSES.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE SEXUAL PREDATOR CLASSIFICATION, REGISTRATION, AND NOTIFICATION PROVISIONS OF R.C. CHAPTER 2950 ARE UNCONSTITUTIONAL SINCE THEY CONSTITUTE AN INVALID EXERCISE OF THE STATE'S POLICE POWER.
By the first assignment of error, appellant contends that the trial court erred when it admitted into evidence and relied upon the hearsay statements included in the post-sentence report. Appellant argues that the hearsay evidence contained in the post-sentence report is unreliable because it contained many factual inaccuracies.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, certiorari denied (1999), 525 U.S. 1182, the Supreme Court of Ohio determined that the Rules of Evidence do not strictly apply to sexual predator determination hearings and reliable hearsay, such as a pre-sentence investigation report, may be relied upon by the trial court. In State v. Bair (May 23, 2000), Seneca App. No. 13-2000-01, unreported, the Third District Court of Appeals addressed the issue of post-sentence reports. Relying upon Cook, and finding that a pre-sentence report and post-sentence report are essentially the same, the court found that a trial court may properly consider a post-sentence report in a sexual predator determination. Thus, the trial court could properly consider a post-sentence report.
In this case, appellant argues that the trial court should not have relied upon the post-sentence report because it contained factual inaccuracies. While the court should not rely on inaccurate information, here, appellant did not provide any evidence that the post-sentence report contained inaccuracies. Thus, the trial court did not err in relying upon it and appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred when it determined that appellant was a sexual predator because the prosecution did not prove by clear and convincing evidence that appellant is likely to commit a sexually-oriented offense in the future.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). "Although this standard looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity." State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported, at 2, citing Kansas v. Hendricks (1997),521 U.S. 346, 358. R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors in determining future propensity, including, but not limited to, all of the factors listed in R.C.2950.09(B)(2).
The prosecution was required to show future propensity by clear and convincing evidence. Clear and convincing evidence is "`that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Appellant relies upon State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, to support the argument that a trial court may not find an offender to be a sexual predator based solely on the facts arising from the underlying offense. However, Baughman has been distinguished by this court in several instances and found to be appropriate only where the facts indicate that the sole known act of sexual misconduct was the act for which defendant had been convicted and that fact, alone, without any of the other relevant factors was the basis for the sexual predator determination. See King; State v. Henson
(Mar. 14, 2000), Franklin App. No. 99AP-553, unreported; State v.Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported. As pointed out by this court in Henson, at 4, R.C. Chapter 2950 does not contain a prohibition against being adjudicated a sexual predator based solely on the facts arising from the underlying offense. "Those facts alone are not always sufficient to support a sexual predator finding, but sometimes, as in this case, they are." Sexual predator determinations should be analyzed on a case-by-case basis. Ivery, at 2, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
In this case, the trial court found by clear and convincing evidence that the totality of the evidence, including the age of the victim, the relationship of appellant to the victim and the pattern of repeated abuse, outweighs the fact that appellant has successfully completed a sex-offender therapy program.
Here, there was sufficient evidence for the trial court to find by clear and convincing evidence that appellant is a sexual predator as defined by R.C. 2950.01(E). The trial court found that the Ohio Parole Board Information Sheet showed that appellant admitted he had engaged in repeated sexual activity with the victim when the victim was five or six years old for at least a one-year period of time. That pattern of abuse, in addition to the victim's young age, the fact that appellant was the victim's stepfather and had custody at the time, are factors which reveal an increased risk of future offenses.
In State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, affirmed (1998), 84 Ohio St.3d 12, this court stated, as follows, at 3:
 * * * The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. * * *
Also, since appellant engaged in sexual conduct with his stepdaughter, given the "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Harden
(Oct. 29, 1998), Franklin App. No. 98AP-223, unreported, at 2, citing State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported, affirmed (1998), 84 Ohio St.3d 13. Appellant's second assignment of error is not well-taken.
By the third assignment of error, appellant contends that the sexual predator classification, registration and notification provisions of R.C. Chapter 2950 are unconstitutional since they constitute an invalid exercise of the state's police power. Appellant raised this issue because State v. Williams
(Jan. 29, 1999), Lake App. No. 97-L-191, unreported, which held that R.C. Chapter 2950 does not bear a real and substantial relation to the legislature's legitimate goal of protecting the public and is unconstitutional, was pending before the Supreme Court of Ohio. The court has since decided the case and held R.C. Chapter 2950 to be constitutional. State v. Williams (2000),88 Ohio St.3d 513. Appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
PETREE and BROWN, JJ., concur.